**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 09-10371 |
| Plaintiff - Appellee, | D.C. No. 2:03-cr-50080-MHM |
| v. | |
| BRUCE R. GOLDMAN, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Arizona
Mary H. Murguia, District Judge, Presiding

Submitted August 10, 2010[**]

Before:    HAWKINS, McKEOWN, and IKUTA, Circuit Judges.

Bruce R. Goldman appeals from the 24-month sentence imposed upon

revocation of supervised release.  We have jurisdiction under 28 U.S.C. § 1291,

and we affirm.

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Goldman contends that the district court clearly erred in characterizing his revocation offenses as involving "fraud." However, any error in such a characterization was harmless because the record reflects that the district court relied on the timing and nature of his revocation offenses, not that they specifically involved "fraud." *See United States v. Simtob*, 485 F.3d 1058, 1062-63 (9th Cir. 2007); *see also United States v. Cantrell*, 433 F.3d 1269, 1279-80 (9th Cir. 2006) (considering whether incorrect application of the Guidelines is harmless).

Goldman also contends that the district court procedurally erred by primarily basing his sentence on the seriousness of the new criminal offenses underlying the revocation. This contention fails because the record reflects that the district court properly considered Goldman's revocation offenses as they contributed to the severity of his breach of the court's trust. *See Simtob*, 485 F.3d at 1062-63.

Goldman contends that his above-Guidelines sentence is substantively unreasonable. The district court did not abuse its discretion in imposing the sentence given Goldman's severe breach of the court's trust and that his original sentence was the result of a downward departure. *See United States v. Carty*, 520 F.3d 984, 993 (9th Cir. 2008) (en banc); U.S.S.G. § 7B1.4 cmt. n.4; *see also Simtob*, 485 F.3d at 1062-63.

We decline to consider issues raised for the first time in Goldman's reply

brief.  *See United States v. Kama*, 394 F.3d 1236, 1238 (9th Cir. 2005).

**AFFIRMED.**